```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

CROWN COAL & COKE COMPANY,
*A Pennsylvania Corporation*,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:15-07338

ERUN COAL SALES, INC.,
DENNIS B. HAGERMAN, and
JENNIFER N. HAGERMAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Motion for Enforcement of Judgment Liens.  (ECF No. 55.)  Plaintiff requests a court order for a public judicial sale of Mercer County real property owned jointly by Defendants Dennis B. Hagerman and Jennifer N. Hagerman.  (Id.)

Federal Rule of Civil Procedure 64 makes available every state law remedy that provides for seizing property to secure satisfaction of a judgment.  See Fed. R. Civ. P. 64(a).  Federal Rule of Civil Procedure 69 authorizes federal courts to direct the execution of a money judgment by following the procedures of the state where the court is located.  See Fed. R. Civ. P. 69(a)(1).

In this case, plaintiff seeks a remedy under West Virginia Code § 38-3-9.  West Virginia Code § 38-3-9 provides the direct

authority for judicial sale of real property that is subject to a judgment lien, and application of the sale proceeds to discharge the judgment. Plaintiff requests the court order a sale of property to enforce the $600,000 money judgment rendered against the defendants by this court on May 8, 2017. (ECF No. 55; see also ECF No. 51.) Based upon a payment schedule supplied to the court, as of October 2019, defendants remained indebted for the amount of $564,153.13.[1] (ECF No. 55-3.)

Plaintiff has filed exhibits confirming that an Abstract of Judgment was recorded by the Mercer County Clerk pursuant to W. Va. Code § 55-14-1 et seq., (ECF No. 55-1), which perfected plaintiff's judgment lien against defendants' Mercer County real property described in plaintiff's motion and in Exhibit B. (ECF No. 55-2.) Plaintiff also claims that, as required by W. Va. Code § 38-3-9, the rents and profits of the property would not satisfy the judgment in five years, which is not disputed as defendants filed no response.

For the reasons set forth above, plaintiff's motion is **GRANTED**. This Court finds that the designated properties, (see

---

[1] Paragraph 7 of plaintiff's motion stated that defendants owed $512,475.19, but the schedule of payments documented in the exhibit states that the balance owed was $564,153.13. (ECF No. 55, ¶ 7.) Defendants have not filed any response to plaintiff's motion. This discrepancy does not materially affect the court's ruling today in beginning the process of a judicial sale to satisfy plaintiff's judgment lien.

ECF No. 55-2), are subject to judicial sale pursuant to West Virginia Code § 38-3-9, and that these properties must be sold and the proceeds applied to discharge plaintiff's judgment lien.

Pursuant to West Virginia Code § 38-3-12, this court will, by separate order, appoint a Commissioner in this civil action in order to proceed to ascertain and report to this court, all the liens, on the real estate or any part thereof of the judgment debtor, the holders of such liens, the amount due to each, and the priorities thereof, and such other matters necessary for the resolution of this action consistent with the applicable statutory procedures.  See W. Va. Code § 38-3-11.

The Clerk is directed to send a copy of this Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 4th day of February, 2020.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge