```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

CROWN COAL & COKE COMPANY,
*A Pennsylvania Corporation*,

    Plaintiff,

v.                                        CIVIL ACTION NO. 1:15-07338

ERUN COAL SALES, INC.,
DENNIS B. HAGERMAN, and
JENNIFER N. HAGERMAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion by Nicholas S. Preservati of Spilman Thomas & Battle, PLLC, to withdraw as counsel for the defendants.  (ECF No. 59.)  Mr. Preservati previously represented all three defendants in this matter, which was closed on May 8, 2017.  (Id.)  On October 17, 2019 plaintiff filed its "Motion for Enforcement of Judgment Lien" against the defendants.  (ECF No. 55.)

Withdrawal of representation by motion in a civil action is governed by Local Rule 83.4(c), which states in part that "[a]n attorney who seeks to withdraw [by motion] must move to withdraw and must show good cause.  The attorney must notify his or her client of the motion."  L.R. Civ. P. 83.4(c).

In support of his motion to withdraw, counsel explained that after the closing of this case and prior to the plaintiff's

October 2019 motion, he became aware of a conflict of interest that precluded his being re-engaged as counsel for the three defendants in this matter.  (ECF No. 59.)  Counsel then contacted defendants Bruce Hagerman and ERUN and advised them of plaintiff's motion, after which defendants Bruce Hagerman and ERUN told counsel that they did not wish to retain the undersigned Counsel to represent them in regards to plaintiff's motion.  (Id.)  Counsel also states that he provided written notification of plaintiff's motion to the third defendant, Ms. Hagerman, and advised her that he was not representing her in the matter but that she had the right to retain counsel and to respond to plaintiff's motion.  (Id.)  Counsel advised Ms. Hagerman of the amount of time she had in which to respond to plaintiff's motion and also provided her with the name and telephone number of plaintiff's counsel in the event she desired to seek an extension of time in which to file a response.  (Id.)

   Mr. Preservati further represents that the granting of his motion does not prejudice the defendants and is necessary to avoid confusion and any concern that counsel is representing the defendants in violation of Rule 1.7 of the West Virginia Rules of Professional Conduct.  (Id.)

   For the foregoing reasons, the court finds that counsel has satisfied Local Rule 83.4(c) by having demonstrated good cause for his withdrawal and having notified his clients of their

situation and of his motion to withdraw. See L.R. Civ. P. 83.4(c). Accordingly, the court hereby **GRANTS** Mr. Preservati's motion to withdraw as the defendants' counsel.

The court hereby further **ORDERS** that Mr. Nicholas S. Preservati should no longer receive any CM/ECF notifications of future filings in this case.

The Clerk is directed to send a copy of this Order to Mr. Preservati, all counsel of record, and any unrepresented parties.

It is SO ORDERED this 4th day of March, 2020.

       ENTER:

       *David A. Faber*
       David A. Faber
       Senior United States District Judge